JOHN L. BURRIS ESQ., SBN 69888
BENJAMIN NISENBAUM, ESQ., SBN 222173
JAMES COOK, ESQ., SBN 300212
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
john.burris@johnburrislaw.com
bnisenbaum@hotmail.com
james.cook@johnburrislaw.com

Attorneys for Plaintiffs
Hector A. Hernandez and Maria Ibarra

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR A. HERNANDEZ; and MARIA IBARRA as co-successors-in-interest for Decedent, HECTOR HERNANDEZ,<br><br>    Plaintiffs,<br><br>    vs.<br><br>COUNTY OF ALAMEDA, a municipal corporation; WELLPATH, a professional corporation; and DOES 1-50, inclusive, individually, jointly and severally,<br><br>    Defendants. | CASE NO.:<br><br>COMPLAINT FOR DAMAGES<br>(42 U.S.C. Section 1983 and pendent tort claims)<br><br>JURY TRIAL DEMANDED |

## **INTRODUCTION**

1.      On June 5, 2019 Decedent, HECTOR HERNANDEZ, was found dead in his cell at the COUNTY OF ALAMEDA jail.  Defendants failed to supervise and/or treat him according to the law and the appropriate protocols after having knowledge that decedent had a viral infection.

2.      This civil rights and wrongful death action seeks compensatory and punitive damages from Defendants for violating the Fourteenth Amendment under the United States Constitution and

state law in connection with the death of decedent HECTOR HERNANDEZ, who died as a result of the unlawful conduct by COUNTY OF ALAMEDA'S Sheriff's Department, and WELLPATH.

3.     This action seeks to recover damages for the violation of rights of decedent's father, HECZTOR A. HERNANDEZ as co-successor-in-interest to decedent and decedent's mother, MARIA IBARRA as co-successor-in-interest.

## JURISDICTION

4.     This action arises under Title 42 of the United States Code, § 1983. Title 28 of the United States Code, §§ 1331 and 1343 confers jurisdiction upon this Court.  The unlawful acts and practices alleged herein occurred in the COUNTY OF ALAMEDA, California, which is within the judicial district of this Court.

5.     The Supplemental Jurisdiction of this court is invoked pursuant to 28 U.S.C. § 1367 over the State law claims which are so related to federal claims in the action that they form part of the same case or controversy under Article III of the Constitution of the United States of America.

6.     Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants are believed to reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

## PARTIES

7.     Decedent HECTOR HERNANDEZ (hereinafter "HERNANDEZ"), was an individual residing in the State of California.  HERNANDEZ was unmarried at the time of his death and died intestate.

8.     PLAINTIFF, HECTOR HERNANDEZ (hereinafter "HECTOR A. HERNANDEZ" or "PLAINTIFF") has been and is a resident of California and is a United States Citizen.  HECTOR A.

HERNANDEZ is the biological father of HERNANDEZ.  HECTOR A. HERNANDEZ is a co-successor-in-interest to decedent, HERNANDEZ.

9.      PLAINTIFF, MARIA IBARRA is the biological mother of HERNANDEZ.  MARIA IBARRA is a co-successor-in-interest to decedent Hernandez.

10.     Defendant COUNTY OF ALAMEDA (hereinafter "COUNTY") is an incorporated public entity duly authorized and existing as such in and under the laws of the State of California; at all times herein mentioned, Defendant County has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the ALAMEDA County Sheriff's Department and its tactics, methods, practices, customs and usage.  At all relevant times, Defendant County was the employer of DOES Defendants.

11.     Defendant WELLPATH, INC. (hereinafter "WELLPATH"), previously/also known as CORRECTIONAL MEDICAL GROUP COMPANIES and CALIFORNIA FORENSIC MEDICAL GROUP, was at all times herein mentioned a Delaware corporation licensed to do business in California.  WELLPATH and its employees and agents are responsible for making and enforcing policies, procedures, and training relating to the medical care of prisoners and detainees in Defendant COUNTY OF ALAMEDA'S jails, including  providing reasonable medical care to prisoners and detainees, as well as providing reasonable medical care to specific prisoners or detainees as specifically ordered by ALAMEDA County Superior Court Judges in court orders directed at WELLPATH, and all WELLPATH policies, procedures, and training related thereto.

12.     PLAINTIFFS are ignorant of the true names and capacities of Defendants DOES 1 through 50, inclusive, and therefore sue these Defendants by such fictitious names.  PLAINTIFFS are informed and believe and thereon allege that each defendant so named is responsible in some manner for the injuries and damages sustained by PLAINTIFFS as set forth herein.  PLAINTIFFS will amend

their complaint to state the names and capacities of DOES 1-50, inclusive, when they have been ascertained.

## ADMINISTRATIVE PREREQUISITES

13.     PLAINTIFFS are required to comply with an administrative tort claim requirement under California law.  PLAINTIFFS filed an administrative claim with the COUNTY OF ALAMEDA on November 7, 2019.  The COUNTY OF ALAMEDA made no action on PLAINTIFFS' claim within fifty days.  PLAINTIFFS additionally discovered that one of the named PLAINTIFFS in the administrative claim, Susan Condio-Hernandez was not decedent's biological mother and thus did not have proper standing.  Upon discovering this error, PLAINTIFFS' counsel immediately contacted decedent's biological mother, MARIA IBARRA.  Maria Ibarra sought representation from the Law Offices of John Burris as a co-successor-in-interest to the decedent. PLAINTIFFS' counsel sent an application for late claim to the COUNTY OF ALAMEDA on February 21, 2020.  PLAINTIFFS have exhausted all administrative remedies pursuant to California Government Code § 910.

## FACTUAL ALLEGATIONS

14.     The incident took place on June 5, 2019 at approximately 4:20 p.m.  The location was the Santa Rita Jail, 5325 Broder Blvd., Dublin, CA 94568.  HECTOR HERNANDEZ died by denial of medical care while under the supervision of COUNTY OF ALAMEDA Sheriff's Deputies.

15.     Hector Hernandez was a pre-trial detainee inmate.  Sheriff's deputies assigned Hernandez to maximum security cell Unit 9.  WELLPATH was the health provider on the date of HERNANDEZ'S initial booking.  On or around October 1, 2016, WELLPATH assumed the duty to provide medical care to detainees at Santa Rita Jail.  COUNTY Jail staff found Hernandez unresponsive in his cell.  Deputies unsuccessfully attempted to revive him.   Initially, the Coroner's

office told the family that a preliminary investigation shows he may have died from a viral infection. Prior to his death, Hernandez sent a letter to his family.  In the letter, Mr. Hernandez stated that the medical staff treated him for some type of an infection.  COUNTY jail staff and WELLPATH staff failed to provide Hernandez with proper medical care for his viral infection.

16.     As a result, HERNANDEZ died by a failure to monitor and treat an obvious and serious medical condition.  HERNANDEZ leaves behind his father, HECTOR A. HERNANDEZ, and his mother, MARIA IBARRA.

### FIRST CAUSE OF ACTION
**(Violation of the Fourteenth Amendment of the United States Constitution)**
**(Deliberate Indifference, 42 U.S.C. § 1983)**
**(Against All Defendants)**

17.     PLAINTIFFS hereby re-allege and incorporate by reference herein paragraphs 1 through 16 of this Complaint.

18.     As set forth above, decedent Hector Hernandez was subjected to deprivation of rights by Defendants acting under color of law of the United States and State of California and of the COUNTY OF ALAMEDA, which rights include, but are not limited to, privileges and immunities secured to decedent by the Constitution and laws of the United States.  By reason of the aforementioned acts, Defendants violated the constitutional rights and liberty interests of decedent.

19.     HERNANDEZ was a pretrial detainee who had not been convicted of any crime. HERNANDEZ had a due process right to be free from the acts of entity Defendants that would cause him serious injury. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994), generally established that prison officials have a duty to protect prisoners. This is so, because corrections officers have "stripped [the inmates] of virtually every means of self-protection and foreclosed their access to outside aid." City of *Revere v. Mass. Gen. Hosp*., 463 U.S. 239, 244 (1983).

20.     On or around October 1, 2016, WELLPATH assumed the duty to provide medical care to detainees at Santa Rita Jail.

21.     Defendants knew or should have known that HERNANDEZ had a viral infection.  Yet Defendants intentionally failed to seek proper medical treatment required to prevent HERNANDEZ'S viral infection from getting worse.

22.     Prior to his death, HERNANDEZ sent a letter to his family.  In the letter, Mr. Hernandez stated that the medical staff treated him for some kind of an infection.

23.     HERNANDEZ'S viral infection was not healing.  However, defendants were deliberately indifferent to HERNANDEZ'S viral infection.  Defendants failed to transport HERNANDEZ to the hospital, or summon an infectious disease specialist to treat HERNANDEZ.

24.     HERNANDEZ died by a viral infection as a result of Defendants' collective deliberate indifference to properly evaluating, monitoring and treating him.

25.     The conduct of Defendants amounted to medical malpractice.

WHEREFORE, PLAINTIFFS pray for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION
### (42 U.S.C. § 1983)
### (Wrongful Death)
### (Against All Defendants)

26.     PLAINTIFFS hereby re-allege and incorporate by reference herein paragraphs 1 through 25 of this Complaint.

27.     On or around October 1, 2016, WELLPATH assumed the duty to provide medical care to detainees at Santa Rita Jail.

28.     As set forth above, HERNANDEZ was subjected to deprivation of rights by Defendants acting under color of law of the United States and State of California and of the County of ALAMEDA, which rights include, but are not limited to, privileges and immunities secured to

HERNANDEZ by the Constitution and laws of the United States.  By reason of the aforementioned acts, these Defendants, have violated the constitutional rights and liberty interests of HERNANDEZ, including those provided in the Fourteenth Amendment to the U.S. Constitution, and of each PLAINTIFF, as well as those which are protected under the Fourteenth Amendment's prohibition against depriving a person of a right to familial relationships without due process of law.

29.     As a result of DEFENDANTS' deliberate indifference, HERNANDEZ was deprived of the necessary and indicated medical intervention, care and treatment, including but not limited to: proper housing in a safety cell; proper monitoring; administration of antibiotic medications, transfer to an infectious disease facility, or referral to an infectious disease specialist. Without proper treatment or follow-up care, his physical state deteriorated, causing him to continue to suffer pain and mental anguish in violation of his Fourteenth Amendment rights, resulting in his wrongful death by denial of medical care.

30.     Medical malpractice by defendants led to Hernandez's wrongful death.

WHEREFORE, PLAINTIFFS pray for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
**(42 U.S.C. § 1983)**
**(Survival Action: Violation of Decedent's Civil Rights)**
**(Against All Defendants)**

31.     PLAINTIFFS hereby re-allege and incorporate by reference herein paragraphs 1 through 30 of this Complaint.

32.     The foregoing claim for relief arose in decedent's favor, and HERNANDEZ would have been the PLAINTIFF with respect to this claim had he lived.

33.     WELLPATH had a duty to provide medical care to detainees at Santa Rita Jail.

34.     Defendants acted under color of law when they failed to reasonably supervise HERNANDEZ, and were deliberately indifferent to HERNANDEZ'S medical care, thereby

depriving him of certain constitutionally protected rights, including, but not limited to the right to due process of law, as guaranteed by the Fourteenth Amendments to the United States Constitution; said rights are substantive guarantees under the Fourteenth Amendments to the United States Constitution.

35.     Defendants' malpractice resulted in HERNANDEZ'S death.

WHEREFORE, PLAINTIFFS pray for relief as hereinafter set forth.

**FOURTH CAUSE OF ACTION**
**(42 U.S.C. § 1983)**
**(Violations of PLAINTIFFS' Civil Right to a Familial Relationship)**
**(Against All Defendants)**

36.     PLAINTIFFS hereby re-allege and incorporate by reference herein paragraphs 1 through 35 of this Complaint.

37.     COUNTY correctional officers' actions of not following COUNTY policy to visually monitor inmates with viral medical conditions, including that of HERNANDEZ, ultimately lead to HERNANDEZ'S death, causing PLAINTIFFS to lose their right to a familial relationship with HERNANDEZ.

38.     WELLPATH had the duty to provide detainees with medical care at Santa Rita Jail.

39.     As a legal cause of Defendants' acting under color of law, acts and/or inactions, and whose deliberate indifference caused injuries which resulted in HERNANDEZ'S death, PLAINTIFFS were deprived of their constitutional rights to a familial relationship, all in violation of rights, privileges, and immunities secured by the Fourteenth Amendments to the United States Constitution.

40.     The conduct of defendants amounted to medical malpractice.

WHEREFORE, PLAINTIFFS pray for relief as hereinafter set forth.

**FIFTH CAUSE OF ACTION**
**(*Monell* - 42 U.S.C. § 1983)**
**(Against Defendants COUNTY and DOES 1-50)**

41.     PLAINTIFFS hereby re-allege and incorporate by reference herein paragraphs 1 through 40 of this Complaint.

42.     The aforementioned acts and/or omissions of COUNTY deputies in being deliberatively indifferent to HERNANDEZ'S safety and violating his civil rights were the direct and proximate result of customs, practices and policies, or failed training administration by COUNTY and DOES 1-50, as alleged herein.

43.     At all times herein mentioned, COUNTY and DOES 1-50 maintained a policy or de facto unconstitutional informal custom or practice of permitting, condoning, or improperly training jail personnel to delay in providing adequate medical assistance to detainees that had viral medical conditions.

44.     PLAINTIFFS allege that Defendant COUNTY maintained a policy, custom or practice of failing to provide the jail with adequate personnel to supervise detainees. Further, Defendant COUNTY failed to train staff to properly classify, monitor and treat inmates that had viral medical conditions in violation of Title 15 Minimum Standards for Local Detention Facilities.

45.     In fact, on May 7, 2019, the East Bay Express released an article entitled "The Most Dangerous Place in Alameda County". The report outlines deficiencies pertaining to the COUNTY jail. Deficiencies include but are not limited to: deputies failing to classify, failing to monitor and treat serious and obvious medical conditions.

46.     Additionally, COUNTY officials failed to properly staff HERNANDEZ'S unit.  These deficiencies caused the rate of deaths at COUNTY'S jail to be the highest rates of inmate deaths in the Bay Area.

47.     These deficiencies posed a substantial risk of serious harm to HERNANDEZ. Defendant COUNTY knew its policy posed this risk.  However, the COUNTY failed to timely update

their facilities or properly implement the above-reference procedures that may have prevented HERNANDEZ'S wrongful death.

48.     The aforementioned acts and/or omissions and/or deliberate indifference by high ranking County officials, including high ranking COUNTY OF ALAMEDA Sheriff's Department Supervisors, Defendants DOES 26-50, and each of them, resulted in the deprivation of decedent's constitutional rights.

49.     HERNANDEZ died as a result of COUNTY staff's medical malpractice.

WHEREFORE, PLAINTIFFS pray for relief as hereinafter set forth.

### SIXTH CAUSE OF ACTION
**(Negligence)**
**(Plaintiff HECTOR A. HERNANDEZ against all Defendants)**

50.     PLAINTIFF hereby re-alleges and incorporates by reference herein paragraphs 1 through 49 of this Complaint.

51.     The present action is brought pursuant to sections 820 and 815.2 of the California Government Code.  Pursuant to section 820 of the California Government Code, as public employees, Defendants are liable for injuries caused by their acts or omissions to the same extent as a private person.

52.     COUNTY deputies, including DOES 1-50, had a duty to provide appropriate care to HERNANDEZ, who was a pretrial detainee protected by the 14th amendment. Defendant deputies had a duty to properly classify and monitor HERNANDEZ who was identified as being seriously ill. DOES 1-50 had a duty to sufficiently supervise HERNANDEZ.  DOES 1-50 also had a duty to notice signs that HERNANDEZ was in need of immediate medical attention.  Defendants should have addressed HERNANDEZ'S viral infection and summoned medical care for HERNANDEZ, including referring him to a viral infection specialist, or transferring him to a hospital.

53.     Defendants WELLPATH staff knew or should have known that HERNANDEZ had a viral infection. Yet Defendants intentionally failed to seek proper medical treatment required to prevent HERNANDEZ's viral infection from getting worse.

54.     Defendants breached their duty to HERNANDEZ.  COUNTY deputies breached their duty to HERNANDEZ when they failed to classify him as someone who was seriously ill.  Further, DOES 1-50 failed to notice signs that HERNANDEZ had a viral infection.  DOES 1-50 also failed to properly monitor HERNANDEZ for his serious medical condition.

55.     HERNANDEZ died as a direct and proximate result of Defendants' failure to properly classify, monitor, and treat his serious medical condition.

56.     The conduct of COUNTY staff amounted to medical malpractice.

57.     The conduct of WELLPATH staff amounted to medical malpractice.

WHEREFORE, PLAINTIFF pray for relief as hereinafter set forth.

### SEVENTH CAUSE OF ACTION
**(Violation of California Government Code § 845.6)**
**(Plaintiff HECTOR A. HERNANDEZ against Defendants COUNTY OF ALAMEDA and DOES 1-25)**

58.     PLAINTIFF hereby re-alleges and incorporates by reference herein paragraphs 1 through 57 of this Complaint.

59.     COUNTY knew or had reason to know that HERNANDEZ was in need of immediate and higher-level medical care, treatment, observation and monitoring.  Each such individual defendant, employed by and acting within the course and scope of his/her employment with Defendant COUNTY, knowing and/or having reason to know this, failed to take reasonable action to summon and/or provide HERNANDEZ access to such care and treatment in violation of California Government Code § 845.6.

60.     COUNTY deputies failed to properly classify and monitor HERNANDEZ as a carrier of a viral infection.  Further, Defendants, DOES 1-50, failed to refer HERNANDEZ to an infectious disease doctor, or transfer him to a hospital, or even refer him to physical health services within the jail.

61.     Defendants WELLPATH staff knew or should have known that HERNANDEZ had a viral infection. Yet Defendants intentionally failed to seek proper medical treatment required to prevent HERNANDEZ's viral infection from getting worse.

62.     As legal cause of the aforementioned acts of all Defendants, HERNANDEZ was injured as set forth above.  PLAINTIFF's losses entitle him to all damages allowable under California law. As such, PLAINTIFF is entitled to damages, penalties, costs, and attorney fees under California law.

63.     The COUNTY staff's medical malpractice caused HERNANDEZ'S death.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

**EIGHTH CAUSE OF ACTION**
**(C.C.P. §§ 377.60 and 377.61)**
**(Wrongful Death- Negligence)**
**(Plaintiff HECTOR A. HERNANDEZ against all Defendants)**

64.     PLAINTIFF re-alleges and incorporates by reference herein paragraphs 1 through 63 of this Complaint.

65.     Defendants' negligent actions and/or negligent failure to act within the scope and course of their employment with Defendants, as set forth herein-above proximately caused the death of HERNANDEZ.

66.     COUNTY owed HERNANDEZ, who was a pretrial detainee at COUNTY'S jail, a duty of care under the fourteenth amendment.  Sheriff's Deputies ignored HERNANDEZ's viral infection under circumstances that were conducive to his viral infection festering.  Deputies ignored

signs of HERNANDEZ's viral infection indicating deliberate indifference to HERNANDEZ's physical evaluation or health.

67.     Defendants WELLPATH staff knew or should have known that HERNANDEZ had a viral infection. Yet Defendants intentionally failed to seek proper medical treatment required to prevent HERNANDEZ's viral infection from getting worse.

68.     As an actual and proximate result of said Defendants' negligence, and the death of HERNANDEZ, PLAINTIFF has sustained pecuniary loss resulting from the loss of comfort, society, attention, services, and support of his son, HERNANDEZ, in an amount according to proof at trial.

69.     As a further actual and proximate result of said Defendants' negligence, PLAINTIFF has incurred expenses, in an amount according to proof at trial.

70.     Pursuant to California C.C.P. Sections 377.60 and 377.61, PLAINTIFF brought this action, and claim damages from said Defendants for the wrongful death of HERNANDEZ, and the resulting injuries and damages.

71.     HERNANDEZ died due to medical malpractice by COUNTY staff.

72.     HERNANDEZ died due to medical malpractice by WELLPATH staff.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

### NINTH CAUSE OF ACTION
**(Intentional Infliction of Emotional Distress)**
**(Plaintiff HECTOR A. HERNANDEZ against All Defendants)**

73.     PLAINTIFF re-alleges and incorporates by reference paragraphs 1 through 72 of this Complaint.

74.     Defendants had or should have had notice that HERNANDEZ had a viral infection. Particularly, COUNTY deputies and DOES 1-50 should have done an initial intake with HERNANDEZ.  During which time, COUNTY deputies should have classified HERNANDEZ as an

inmate with a viral infection.  Defendants WELLPATH staff knew or should have known that HERNANDEZ had a viral infection. Yet Defendants intentionally failed to seek proper medical treatment required to prevent HERNANDEZ's viral infection from getting worse.

75.     DOES 1-50 also should have noticed signs that HERNANDEZ had a viral infection. Defendants should have known that withholding proper medical treatment would cause HERNANDEZ to suffer from emotional distress.

76.     Defendants' above-described actions constituted extreme and outrageous conduct. Their actions prevented HERNANDEZ from receiving proper medical attention.  Upon HERNANDEZ'S entry into Santa Rita jail, the COUNTY was on notice that HERNANDEZ had a viral infection. Despite knowing that HERNANDEZ had a viral infection, COUNTY staff deliberately ignored the risk to HERNANDEZ when they failed to properly classify and treat him. COUNTY deputies placed HERNANDEZ in a cell without proper evaluation and ongoing care which constituted extreme outrageous conduct.  As result of the COUNTY staff's deliberate indifference, HERNANDEZ did not receive proper medical treatment, causing him to suffer extreme emotional distress. Consequently, HERNANDEZ succumbed to his viral infection.

77.     By engaging in the above-described conduct, each individual defendant intentionally ignored or recklessly disregarded the foreseeable risk that their actions would cause PLAINTIFF to suffer emotional distress from the loss of familial relationship with HERNANDEZ.

78.     The conduct of COUNTY staff amounted to medical malpractice.

79.     The conduct of WELLPATH staff amounted to medical malpractice.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

## TENTH CAUSE OF ACTION
### (Medical Malpractice)
### (Plaintiff HECTOR A. HERNANDEZ against all Defendants)

80.     PLAINTIFF re-alleges and incorporates by reference paragraphs 1 through 79 of this Complaint.

81.     HERNANDEZ was under the care and treatment of Defendant COUNTY and DOES 1-25, who were required to examine, treat, monitor, prescribe for and care for him.

82.     HERNANDEZ was under the care and treatment of Defendant WELLPATH and DOES 1-25, who were required to examine, treat, monitor, prescribe for and care for him.

83.     Defendants DOES 1-25, acting within the scope and court of their employment with Defendants COUNTY, negligently, carelessly and unskillfully cared for, attended and controlled Hernandez.

84.     Defendants DOES 1-25, acting within the scope and court of their employment with Defendants WELLPATH, negligently, carelessly and unskillfully cared for, attended and controlled Hernandez.

85.     Defendants DOES 1-25, acting within the scope and court of their employment with Defendants COUNTY failed to follow-up and exercise that degree of skill and knowledge ordinarily possessed and exercised by others in the same profession and in the same locality as Defendants for the benefit of their patient HECTOR HERNANDEZ.

86.     Defendants DOES 1-25, acting within the scope and court of their employment with Defendants WELLPATH failed to follow-up and exercise that degree of skill and knowledge ordinarily possessed and exercised by others in the same profession and in the same locality as Defendants for the benefit of their patient HECTOR HERNANDEZ.

87.     Defendants DOES 1-25, acting within the scope and court of their employment with Defendants COUNTY failed to classify, failed to appropriately diagnose and exercise that degree of

skill and knowledge ordinarily possessed and exercised by others in the same profession and in the same locality as Defendants for the benefit of their patient HECTOR HERNANDEZ.

88.     Defendants DOES 1-25, acting within the scope and court of their employment with Defendants WELLPATH failed to classify, failed to appropriately diagnose and exercise that degree of skill and knowledge ordinarily possessed and exercised by others in the same profession and in the same locality as Defendants for the benefit of their patient HECTOR HERNANDEZ.

89.     Defendants DOES 1-25, acting with the scope and court of their employment with Defendants COUNTY negligently, carelessly and unskillfully failed to possess and exercise that degree of skill and knowledge ordinarily possessed and exercised by others in the same profession and in the same locality as Defendants for the benefit of their patient HECTOR HERNANDEZ.

90.     Defendants DOES 1-25, acting with the scope and court of their employment with Defendants WELLPATH negligently, carelessly and unskillfully failed to possess and exercise that degree of skill and knowledge ordinarily possessed and exercised by others in the same profession and in the same locality as Defendants for the benefit of their patient HECTOR HERNANDEZ.

91.     As a direct and legal result of the aforementioned negligence and carelessness of Defendants' actions and omissions, HERNANDEZ sustained injuries and damages, and against these Defendants, and each of them, are entitled to compensatory damages as described herein and as applicable to this claim for Medical Negligence, to be proven at time of trial.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

## JURY DEMAND

PLAINTIFFS hereby demand a jury trial in this action.

## PRAYER

WHEREFORE, PLAINTIFFS pray for relief, as follows:

1.      For general damages in a sum according to proof;

2.      For special damages in a sum according to proof;

3.      For punitive damages in a sum according to proof;

4.      For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;

5.      For injunctive relief as the court deems appropriate including that the policies of Defendant County for policy or policies relevant to authorizing, allowing, or ratifying the practice by its jail personnel of being deliberately indifferent to mental/psychiatric/medical health needs of the inmates;

6.      For cost of suit herein incurred; and

7.      For such other and further relief as the Court deems just and proper.

Dated: April 27, 2020           **LAW OFFICES OF JOHN L. BURRIS**

                                /s/ *John L. Burris*

                                John L. Burris, Esq.
                                Ben Nisenbaum, Esq.
                                James Cook, Esq.
                                Attorneys for Plaintiffs
                                HECTOR A. HERNANDEZ, and MARIA IBARRA as co-successors-in-interest to Decedent HECTOR HERNANDEZ